NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

MARIO LAMONT JONES,

        Defendant - Appellant.

No. 25-7082

D.C. No.
2:21-cr-00273-GMN-MDC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted July 8, 2026[**]
San Francisco, California

Before: PAEZ, TALLMAN, and BENNETT, Circuit Judges.

Mario Jones appeals the district court's order revoking his term of supervised

release. We review the decision to revoke a term of supervised release for abuse of

discretion. *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court did not abuse its discretion by revoking Jones's supervised release. A district court may revoke a term of supervised release based on a single violation if the applicable factors under 18 U.S.C. § 3553(a) warrant it. *United States v. Daniel*, 209 F.3d 1091, 1094 (9th Cir. 2000). The record amply supports the district court's finding that Jones committed twelve of the eighteen violations alleged against him, including the two most serious.

Jones admitted committing ten Grade C violations, which occurred during a three-month span. These included: testing positive for illegal drugs five times; failing to appear for drug tests; lying to his probation officer; being evicted from the residential reentry center; failing to attend two intensive outpatient treatment appointments; committing a new crime; failing to report a law enforcement contact; and failing to call or report to the probation office as instructed.

Sufficient evidence supported the district court's finding that Jones threatened a federal probation officer in violation of 18 U.S.C. § 115(a)(1)(B), one of the two contested Grade B violations. *See United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (standard of review). Deputy United States Marshal Chandler Greenwood and Jones offered conflicting testimony about whether Jones made the threat at issue. The district court credited Deputy Marshal Greenwood's testimony;

we must do the same on appeal.[1] *See id.* (The evidence must be viewed "in the light most favorable to the government."). The circumstances surrounding the threat, as relayed by Deputy Marshal Greenwood based on her personal observations and viewed in the light most favorable to the Government, supported the district court's finding that Jones made the threat with intent to retaliate against his probation officer for the performance of official duties.

Jones has not challenged the district court's finding that he committed the other Grade B violation by failing to update his sex offender registration as required by Nevada law. Accordingly, he has forfeited any challenge to that violation. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief.").

In sum, the district court did not abuse its discretion by revoking Jones's supervised release. Jones admitted ten violations, which occurred in a three-month period. In addition, he has forfeited any challenge to one Grade B violation and sufficient evidence supported the other. These twelve violations amply support the

---

[1] While Jones contends that it is an abuse of discretion to revoke supervision based on testimony that is "contradicted by direct testimony from the defendant," there is no support for that proposition in governing law. When there is conflicting testimony, the trier of fact must decide which to credit, as the district court did here. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). And under the standard of review for Jones's sufficiency-of-the-evidence challenge to this violation, we must credit the testimony in the light most favorable to the government. *See King*, 608 F.3d at 1129.

district court's revocation decision.

We do not reach Jones's challenges to the contested Grade C violations. Even if the district court erred by admitting hearsay concerning those violations (a question we do not answer), such errors would be harmless on this record. *See United States v. Havier*, 155 F.3d 1090, 1092 (9th Cir. 1998) ("A due process violation at a revocation proceeding is subject to harmless error analysis.").

**AFFIRMED.**